STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }
FILED In The
Office of the Court Clerk

JAN 10 2013

DOCKET_____ PAGE_____ RECORDED
Rhonda Hall, Court Clerk
_____ DEPUTY

IN THE DISTRICT COURT OF CLEVELAND COUNTY
STATE OF OKLAHOMA

MEDICAL ARTS DEVELOPMENT, INC., )
    Plaintiff, )
vs. )
    ) Case No.
THE TRAVELERS INDEMNITY COMPANY )
OF AMERICA, ) CJ-2013-43 TS
    Defendant. )
)

## PETITION

COMES NOW the Plaintiff, Medical Arts Development, Inc., and for its cause of action against the Defendant, The Travelers Indemnity Company of America (Travelers or Defendant), alleges and states:

### PARTIES

1. Plaintiff is a small, closely held Oklahoma corporation located in Norman, Cleveland County, Oklahoma.

2. Defendant is a foreign property and casualty insurance company, registered to do business in the State of Oklahoma, which provides property insurance coverage to Plaintiff.

### FACTUAL BACKGROUND

3. Plaintiff contracted with Defendant to provide business owners property insurance coverage to Plaintiff's building, located at 825 E. Robinson St., Norman, OK. The policy provided in part that Defendant would indemnify Plaintiff for any harm caused to Plaintiff's office building caused by, among other perils, hailstorms. The policy was a "replacement cost" policy. The policy was in place for many years and a renewal took effect on March 11, 2011, which was still in effect on June 14, 2011, the date of the loss.

EXHIBIT
2

4.     On June 14, 2011 a large hail and wind storm described as a "micro-burst" caused damages to Plaintiff's building, specifically causing serious damages to the roof of the building among other damages. The hail and wind damages caused the roof to leak profusely and repeatedly.

5.     Plaintiff immediately notified Defendant of the damage to Plaintiff's building and demanded that Defendant indemnify it for the harm to the building, pursuant to the provisions of the insurance policy.

6.     When Plaintiff and Defendant could not agree on the amount of damages, Plaintiff requested an appraisal, which is a part of the insurance contract between Plaintiff and Defendant. Defendant agreed to allow an appraisal, and it was completed. The appraisal Umpire awarded Plaintiff the full amount it had requested, however, Defendant still refused to pay said amount.

## BREACH OF CONTRACT

7.     The claim made by the Plaintiff was for a loss which is not excluded under the policy of insurance and therefore is covered by the policy. Since the date of the micro-burst hail and wind storm, Plaintiff has submitted to multiple demands of defendant and submitted voluminous information to it about the loss to the roof, however Defendant delayed payment and ultimately paid only part of Plaintiff's damages, failing to pay what is required under the policy.

8.     Defendant has paid for some of the damage to the structure of Plaintiffs office building, but has failed to pay the replacement cost for the roof, which is what is required under the terms of Plaintiff's policy of insurance with Defendant.

9. Defendant has wrongfully denied coverage for replacement cost of the roof and has failed to compensate Plaintiff for all covered claims, and in doing so has breached the agreement between Plaintiff and Defendant.

## BAD FAITH

10. Defendant is under a duty to act in good faith and to deal fairly with the Plaintiff.

11. Defendant has failed to pay for a claim which it knew, or through reasonable diligence should have known, is a covered loss.

12. Defendants have wrongfully, unreasonably, and intentionally failed to make payment to Plaintiff for covered claims, and has breached its duty to deal in good faith and fairly with Plaintiff. The acts of bad faith by Defendant include, but are not limited to:

a. Failure to properly investigate the loss and claim;

b. Failure to assist its insured in the adjusting of the loss and presentation of the claim;

c. failure to timely pay the claim of the insured;

d. Failure and refusal to pay the amounts of loss as determined by Defendant's own appraisal process and the Umpire that it agreed upon.

13. Because of the wrongful and bad faith denial of coverage for replacement of the roof, and the failure to properly process Plaintiff's covered claims for damages, Plaintiff has suffered additional damages.

## PUNITIVE DAMAGES

14. Defendant's actions in denying full payment and delaying payment for the covered claims of Plaintiff is unreasonable, intentional, and in total disregard for the rights of Plaintiff, thus entitling Plaintiff to punitive damages from Defendant.

15.    Defendant should be punished for its unreasonable actions and Defendant should be made an example of, so that other insurers similarly situated are dissuaded from taking the same unreasonable actions as this Defendant.

WHEREFORE, Plaintiff prays for judgment for actual and punitive damages against Defendant for an amount in excess of $75,000.000, along with reasonable costs of litigation, attorney fees and any other relief the Court finds to be just and equitable.

Respectfully submitted,

*[signature]*

Douglas J. Shelton, OBA #8159
dshelton@sheltonlawok.com
Shelton Voorhees Law Group
7701 S. Western Ave., Suite 201
Oklahoma City, OK 73139
(405) 605-8800 – office
(405) 601-0677 – Facsimile
Attorney for Plaintiff, Medical Arts Development Inc.

ATTORNEY'S LIEN CLAIMED